# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| STEVEN P. WHEELER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-0474-TLS |
| SHERIFF, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Steven P. Wheeler, a pro se prisoner, filed a habeas corpus petition challenging his conviction and July 19, 2016, sentence by the Huntington Superior Court for Possession of Methamphetamine under cause number 35D01-1604-F6-52. However, before a district court can grant habeas corpus relief, a petitioner must have exhausted his claims in the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Here, the Petitioner has taken a direct appeal to the Court of Appeals of Indiana, but has not yet received a ruling from that court. He has not exhausted any claims by presenting them in a petition for transfer to the Indiana Supreme Court. Therefore this habeas corpus petition must be dismissed without prejudice so that the Petitioner can continue to pursue his claims in the State courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, the Petitioner was sentenced on July 19, 2016. He is currently pursuing a direct appeal and therefore the 1-year period of limitations has not yet begun to run. Because he still has an entire

year after the limitation period starts, dismissing this petition will not effectively end his chance at habeas corpus review and a stay would not be appropriate.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied.

For the foregoing reasons the court **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED on December 5, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION